PER CURIAM.
Laura Hamilton appeals a restitution order, arguing that the evidence was legally insufficient to support the amount set by the court. We affirm.
The appellant admitted to stealing $400 from the cash register at her place of employment, but denied stealing the larger amount, $7,720:05, for which restitution was ordered.
At the restitution hearing, the employer presented handwritten receipts, in the appellant’s handwriting, for customer purchases. These were not accompanied by the required cash register receipts. The court could reasonably conclude that the use of such handwritten receipts, without entering the transaction into the cash register, allowed the appellant to pocket the cash tendered by the customer.
In a second group of transactions, the cash register was used but the sequence of key entries was unusual. In these cases there would be a subtotal for the transaction, but then the transaction would be canceled, followed by an entry which allowed the cash register drawer to be opened. The owner testified that this sequence of entries simply did not occur' in normal operations of this retail plant nursery, for it would reflect that a customer brought items to the cash register, had them all entered into the register, and then canceled the sale (in itself, a highly unusual occurrence for this nursery) — but there would be no reason for the cash drawer to be opened. The appellant’s ti-mecard indicated that the appellant was on duty at the times of the transactions shown on the cash register receipts.
There was also testimony that a coworker had commented that the appellant was keeping her purse under the cash register, and was frequently going into and out of her purse. The owner, who had been in this business for twenty-nine years, testified that in June of the year in question, the business unexpectedly fell far short of its sales target even though business was good and the business normally met, or came close to its sales targets. The busi *744 ness wound up with a loss position for the year.*
The standard of proof in a restitution hearing is the preponderance of the evidence. See § 775.089(7), Fla. Stat. (1997). The evidence was legally sufficient. The trial court could reasonably conclude that the anomalous key sequences on the cash register receipts, and the defective handwritten receipts, had no plausible explanation other than being created to facilitate theft.
Affirmed.

 The owner estimated that the actual loss was greater than $7,720.05, but only had written documentation for a portion of appellant’s employment period.